**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30176 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00095-RMP |
| v. | |
| MARIO BERNABE-TORIBIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Mario Bernabe-Toribio appeals from the district court's judgment and challenges the six-month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Bernabe-Toribio contends that the district court procedurally erred by focusing on the conduct underlying his state conviction rather than the § 1326 charge. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court properly considered Bernabe-Toribio's state conviction in the context of the 18 U.S.C. § 3553(a) factors and sufficiently explained why a six-month sentence was warranted for the illegal reentry offense. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Bernabe-Toribio next contends that his sentence is substantively unreasonable because it fails to take into account his need for alcohol and drug treatment, which he cannot obtain in prison because of the federal detainer. The district court did not abuse its discretion in imposing Bernabe-Toribio's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines, consecutive sentence is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances, including Bernabe-Toribio's immigration history. *See Gall*, 552 U.S. at 51; *United States v. Guitierrez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**